IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| SAMANTHA JONES ELABANJO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 1:11CV349 |
| ) | |
| OFFICER JASON BELLEVANCE, ) | |
| OFFICER BRANDON PERRY, ) | |
| OFFICER TELFAIR, OFFICER WAGNER, ) | |
| TOWN OF CHAPEL HILL, and CHAPEL ) | |
| HILL POLICE DEPARTMENT, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION, ORDER, AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

This matter is before the Court on Defendants' Motion to Dismiss [Doc. #19] pursuant to Federal Rule of Civil Procedure 12(b)(6). Defendants seek to have dismissed some but not all of Plaintiff's claims. For the reasons that follow, the Court recommends that Defendants' Partial Motion to Dismiss be granted as set out herein, and that this action proceed to discovery.

I.   FACTS, CLAIMS, AND PROCEDURAL HISTORY

This is a civil rights action filed pursuant to 42 U.S.C. § 1983. (Pl.'s Compl. [Doc. #2].) Plaintiff Samantha Elabanjo claims that her First and Fourth Amendment rights were violated by Chapel Hill, North Carolina, police officers on two separate occasions. She names as defendants the Town of Chapel Hill, the Chapel Hill Police Department, and Chapel Hill police officers Bellevance, Perry, Telfair, and Wagner.

The first incident occurred on May 8, 2008. (Compl. at 2.) Plaintiff alleges that her Fourth Amendment rights were violated when Officers Bellevance and Perry falsely arrested her,

maliciously prosecuted her, and used excessive force against her. (Compl. at 2-3.) She contends that she was arrested and charged with being drunk and disorderly in violation of N.C. Gen. Stat. § 14-444 (2011). (Compl. at 2; Magistrate's Order [Doc. #15-1] at 16.) She was convicted in district court. (Compl. at 2.) Plaintiff appealed to Superior Court and the court dismissed the case without leave to refile because the State could not prove that she was intoxicated. (Id.) She alleges that she was not drunk and that the officers knew that they did not have sufficient evidence to convict her. (Compl. at 3.) Plaintiff further alleges that when she and Officers Bellevance and Perry arrived at the jail in Hillsborough, N.C., Officer Bellevance pulled her from the car by her handcuffs and she "hit butt first." (Id.) Plaintiff alleges that Officer Perry then pulled her up and pushed her, with her hands cuffed behind her back, and she "hit the concrete head first." (Id.) Plaintiff further alleges that Officer Perry then picked her up again and twisted her wrist "which turned out to be sprained from torn ligaments." (Id.)

The second incident occurred on February 15, 2010.[1] Plaintiff alleges that she was standing at a bus stop at the intersection of Franklin and Columbia Streets in Chapel Hill when a police cruiser stopped. The driver was Officer Bellevance; Officers Telfair and Wagner were passengers. (Compl. at 4.) Plaintiff alleges that Officer Bellevance told Officer Telfair that Plaintiff was the person who made a complaint about him. Plaintiff contends that she asked Officer Bellevance why he did not leave her alone and told him to go wash his "damn dirty car." (Id.) As the officers were leaving, Plaintiff "called him [an] asshole." (Id.) Plaintiff alleges that Officer Bellevance stopped the car and backed up, and all three officers jumped out and arrested

---

[1] Plaintiff alleges the date was February 10 at one point and February 15 at another, but her charging documents reflect the date of February 15, 2010.

Plaintiff. (Id.) Plaintiff alleges that Officer Bellevance hurt her hands as he was fingerprinting her during booking. (Id.) The officers charged Plaintiff with using profane language on a public highway in violation of N.C. Gen. Stat. § 14-197 (2011) and with disorderly conduct in violation of N.C. Gen. Stat. § 14-275.1 (2011). (Compl. at 5; Magistrate's Order [Doc. #15-1] at 16.) Plaintiff states that the charge of disorderly conduct was dismissed by the district court judge, but the judge found her guilty of using profane language on a highway. (Compl. at 5.) On appeal, the Superior Court dismissed this charge after finding that "part of the language used by defendant occurred while she was not on a public road or highway, and because [N.C. Gen. Stat. § 14-197] is unconstitutional on its face and as applied to defendant." (Jan. 5, 2011 Order of Superior Court Judge [Doc. #15-1] at 6.)

Based on these two encounters, Plaintiff in this case asserts claims pursuant to 42 U.S.C. § 1983, alleging that the named Defendants, acting under color of state law, violated her Fourth Amendment rights by the use of "false arrest, malicious prosecution, and excessive force" with respect to her 2008 arrest. Plaintiff further contends that Defendants also violated her First Amendment rights by arresting her in 2010 for exercise of her free speech rights. Plaintiff seeks relief for the alleged Fourth Amendment violations "as the court see[s] fit." (Pl.'s Compl. at 3, 6.) With respect to the alleged First Amendment violations, Plaintiff seeks $450,000 in damages and an injunction against Officers Bellevance and Perry "to never be able to arrest [Plaintiff] again." (Id.)

Defendants seek a partial dismissal of Plaintiff's claims. Specifically, Defendants contend that all claims against the "Chapel Hill Police Department" should be dismissed because the

3

Department is not an entity capable of being sued. Defendants also contend that Plaintiff's claims against the Town of Chapel Hill should be dismissed because Plaintiff failed to allege that any practice, custom, or policy of the Town caused a violation of her federal rights. Finally, Defendants contend that Plaintiff's claims of a Fourth Amendment violation based on "wrongful arrest" or "malicious prosecution" with respect to the 2008 incident should be dismissed because probable cause existed for the arrest. (Defs.' Partial Motion to Dismiss [Doc. #19].)[2]

## II. DISCUSSION

In considering a motion to dismiss for failure to state a claim on which relief may be granted under Federal Rule of Civil Procedure 12(b)(6), the Court must consider whether the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" Id. (internal citations

---

[2] However, Defendants do not seek dismissal of Plaintiff's claims against Defendants Bellevance, Perry, Telfair and Wagner in their individual capacities for violation of Plaintiff's Fourth Amendment rights with respect to the 2008 incident to the extent that the claim is based on the alleged use of excessive force. In addition, although Defendants address the 2010 incident, they do not address Plaintiff's claim that the 2010 incident violated her First Amendment rights. Therefore, the Court will not address those claims further at this time.

4

omitted). Thus, dismissal of a complaint is proper where plaintiffs' factual allegations fail to "produce an inference of liability strong enough to nudge the plaintiff's claims 'across the line from conceivable to plausible.'" Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 256 (4th Cir. 2009) (citing Iqbal, 556 U.S. at 682 (internal quotation omitted)).

      A.      Motion to Dismiss Fourth Amendment Claim Based on "False Arrest"

In the Motion to Dismiss presently before the Court, Defendants seek dismissal of Plaintiff's § 1983 claim brought for alleged violation of her Fourth Amendment rights to the extent that the claim is based on "false arrest" or "malicious prosecution." In considering the basis of Plaintiff's claims, the Court notes first that "'[t]he Fourth Amendment prohibits law enforcement officers from making unreasonable seizures, and seizure of an individual effected without probable cause is unreasonable.'" Miller v. Prince George's County, 475 F.3d 621, 627 (4th Cir. 2007) (quoting Brooks v. City of Winston-Salem, 85 F.3d 178, 183 (4th Cir. 1996)). Thus, a claim for arrest and prosecution without probable cause is potentially cognizable under the Fourth Amendment, which "define[s] the 'process that is due' for seizures of person or property in criminal cases, including the detention of suspects pending trial." Taylor v. Waters, 81 F.3d 429, 436 (4th Cir. 1996) (applying Albright v. Oliver, 510 U.S. 266 (1994)); see also Lambert v. Williams, 223 F.3d 257, 261 (4th Cir. 2000) (noting that under Albright, the "right to be free from prosecution without probable cause was not a substantive due process right, but rather was . . . a right to be free from unreasonable seizures" and further noting that there is no such thing as a '§ 1983 malicious prosecution' claim, [and w]hat we termed a "malicious prosecution" claim in [Brooks v. City of Winston-Salem, 85 F.3d 178, 183 (4th Cir. 1996)] is

5

simply a claim founded on a Fourth Amendment seizure."). Thus, Plaintiff must establish a lack of probable cause to arrest before she can succeed on a Fourth Amendment claim based upon her alleged "wrongful arrest" or "malicious prosecution." See Burrell v. Virginia, 395 F.3d 508, 514 (4th Cir. 2005) (for malicious prosecution claim under Fourth Amendment, seizure must have occurred pursuant to legal process that was not supported by probable cause); Street v. Surdyka, 492 F.2d 368, 372-73 (4th Cir. 1974) ("there is no cause of action for 'false arrest' under section 1983 unless the arresting officer lacked probable cause").

In their Motion to Dismiss, Defendants contend that Plaintiff cannot establish a Fourth Amendment violation for "wrongful arrest" or "malicious prosecution" because probable cause existed to arrest Plaintiff as a matter of law. In this regard, Defendants contend that Plaintiff's conviction in district court establishes the existence of probable cause as a matter of law. In addition, Defendants contend that probable cause is established as a matter of law based on Plaintiff's allegations in her Complaint. (Defs.' Mem. of Law [Doc. #20] at 4-7.) In her Complaint, Plaintiff alleges that she was convicted of being drunk and disorderly as a result of the 2008 incident, but that her conviction was set aside on appeal because the officers failed to give her a breathalyzer test. (Id. at 2.)

Having reviewed the information presented, this Court agrees that Plaintiff's conviction in district court in 2008 conclusively establishes probable cause to arrest for those charges even though the conviction was later overturned on appeal. Hoover v. McDowell Cnty., 155 F.3d 559, 1998 WL 398825, at 3 (4th Cir. 1998) (unpublished) ("Hoover was convicted . . . in state district court but later acquitted in superior court. His conviction in district court, however,

6

establishes the existence of probable cause."); see Elkins v. Broome, 328 F. Supp. 2d 596, 598-600 (M.D.N.C. 2004) (Plaintiff's guilty verdict in district court established that officer had probable cause to arrest even though judge entered a prayer for judgment continued on payment of court costs and judgment was never entered in the case); Falkner v. Almon, 207 S.E.2d 388, 389 (N.C. Ct. App. 1974) (guilty verdict in district court conclusively establishes probable cause even though on appeal the state entered a *nol pros*, absent evidence of fraud or other unfair means). Therefore, Plaintiff's Fourth Amendment claim related to the 2008 incident based on alleged "false arrest" or "malicious prosecution" should be dismissed because probable cause existed for the arrests.[3]

B.  Defendant Chapel Hill Police Department

Defendant Chapel Hill Police Department moves to dismiss all claims against it because it is not a suable entity. (Defs.' Mem. of Law [Doc. #20] at 7-8.) Plaintiff has also sued the Town of Chapel Hill, which Defendants argue is the proper Defendant. Courts have repeatedly held that a municipal police department, such as the Chapel Hill Police Department, is not a suable entity. Baskins-Bey v. City of Thomasville, No. 1:09CV776, 2010 WL 5137585 (M.D.N.C. Dec. 10, 2010) (unpublished) (Thomasville Police Department not a suable entity); Wilkerson v. Chapel Hill Police Dep't., No. 1:09CV60, 2009 WL 1505614 (M.D.N.C. May 27,

---

[3] With respect to Plaintiff's 2010 arrest, the Court notes that Plaintiff does not assert a Fourth Amendment claim related to the 2010 arrest, but instead asserts a claim based on alleged violation of her First Amendment rights related to the 2010 incident. Although Defendants' Motion to Dismiss mentions both the 2008 and 2010 incidents, the Motion to Dismiss does not address Plaintiff's First Amendment claims. Therefore, this Court will not attempt to address those issues *sua sponte*, and those matters may be taken up after further briefing later in this case. Cf. Marcavage v. National Park Serv., 666 F.3d 856 (3d Cir. 2012), petition for cert. filed, 80 U.S.L.W. 3710 (May 17, 2012) (No. 11-1402); Harrison v. Deane, 426 F. App'x 175 (4th Cir. 2011); Kennedy v. City of Villa Hills, 635 F.3d 210 (6th Cir. 2011); see also Reichle v. Howards, 132 S. Ct. 2088 (2012).

7

2009) (unpublished) (Chapel Hill Police Department not a suable entity); McCray v. Chapel Hill Police Dep't., No. 1:06CV984, 2008 WL 762260 (M.D.N.C. Mar. 19, 2008) (unpublished) (Chapel Hill Police Department not a suable entity). Accordingly, all claims against the Chapel Hill Police Department should be dismissed.

    C.    Town of Chapel Hill

Defendant Town of Chapel Hill argues that all claims against it should be dismissed because Plaintiff has failed to allege that a municipal policy or custom caused any of the alleged constitutional violations. (Defs.' Mem. of Law [Doc. #20] at 8-9.) A city may only be held liable under § 1983 where "the constitutionally offensive actions of employees are taken in furtherance of some municipal 'policy or custom.'" Milligan v. City of Newport News, 743 F.2d 227, 229 (4th Cir. 1984); Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978). Pursuant to Monell, a municipality is not vicariously liable under § 1983 for actions of its employees; instead, a municipality is only liable under § 1983 if the alleged constitutional violations were the result of a municipal policy or practice. A municipality may be liable under § 1983 "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury." Monell, 436 U.S. at 694, 98 S. Ct. at 2037-38. A plaintiff can establish liability under Monell where the constitutional injury is proximately caused by a written policy or ordinance, or by a widespread practice that is "so permanent and well settled as to constitute a 'custom or usage' with the force of law." City of St. Louis v. Praprotnik, 485 U.S. 112, 127 (1988) (citation omitted). In addition, the Supreme Court has also recognized that liability may be imposed on a municipality where the

8

constitutional injury is proximately caused by the decision of an official with final policymaking authority, that is, an official with authority to establish and implement municipal policy in that area. Id. Finally, municipal liability has been recognized based on inadequate training or supervision of employees if the training or supervision was so inadequate as to establish "deliberate indifference" to the rights of citizens and if the deficiency caused the constitutional violation alleged. See City of Canton v. Harris, 489 U.S. 378, 390-92 (1989). In sum, "[a] policy or custom for which a municipality may be held liable can arise in four ways: (1) through an express policy, such as a written ordinance or regulation; (2) through the decisions of a person with final policymaking authority; (3) through an omission, such as a failure to properly train officers, that 'manifest[s] deliberate indifference to the rights of citizens'; or (4) through a practice that is so 'persistent and widespread' as to constitute a 'custom or usage with the force of law.'" Lytle v. Doyle, 326 F.3d 463, 471 (4th Cir. 2003) (quoting Carter v. Morris, 164 F.3d 215, 218 (4th Cir. 1999)). Such a claim only exists if, "through its deliberate conduct, the municipality was the 'moving force' behind the injury alleged. That is, a plaintiff must show that the municipal action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the municipal action and the deprivation of federal rights." Bd. of the County Comm'rs of Bryan County v. Brown, 520 U.S. 397, 404 (1997).

Thus, to state a claim under § 1983 against the Town of Chapel Hill, Plaintiff must identify a municipal policy or custom that caused her injury. See Walker v. Prince George's Cnty., Md., 575 F.3d 426, 431 (4th Cir. 2009). Plaintiff argues that she has done so by alleging that she was arrested pursuant to a city ordinance. (Pl.'s Opp. to Defs.' Partial Mot. to Dismiss

9

[Doc. #24] at 1.) In this regard, Plaintiff is referring to her conviction for using profanity on a public highway. (Pl.'s Mem. of Law [Doc. #25] at 1.) However, Plaintiff's own state court records show that she was charged pursuant to a state law and not a municipal ordinance. (Magistrate's Order [Doc. #15-1] at 16.) The enforcement of a state statute by a municipality does not qualify as a municipal policy or custom sufficient to support § 1983 liability. See Vives v. City of New York, 524 F.3d 346, 356 (2d Cir. 2008) ("We have held today that a municipality cannot be held liable simply for choosing to enforce the entire Penal Law."); Surplus Store and Exchange, Inc. v. City of Delphi, 928 F.2d 788, 791-92 (7th Cir. 1991) ("It is difficult to imagine a municipal policy more innocuous and constitutionally permissible, and whose causal connection to the alleged violation is more attenuated, than the 'policy' of enforcing state law. . . . [S]uch a 'policy' cannot be sufficient to ground liability against a municipality."). Moreover, Plaintiff has not attempted to establish any municipal policy or custom with respect to her Fourth Amendment claims for excessive force. Accordingly, because Plaintiff has not identified any municipal policy or custom that caused the alleged constitutional violations, all claims against the Town of Chapel Hill should be dismissed. Also, because official-capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent, if Plaintiff is suing any town employee in his official capacity this claim should also be dismissed. See Monell, 436 U.S. at 691 & n.55.

III. FURTHER PROCEEDINGS

As noted above, Defendants do not seek dismissal of Plaintiff's remaining § 1983 claims against Officers Bellevance, Perry, Telfair, and Wagner, in their individual capacities, for alleged

violation of her Fourth Amendment rights based on use of excessive force and for alleged violation of her First Amendment rights.[4] Therefore, these claims will proceed to discovery. A previous Scheduling Order in this case set out the parameters of discovery, and provided that discovery would begin only after a final determination on the Motion to Dismiss. (Order of J. Dixon dated October 12, 2011 [Doc. #28].) Pursuant to that Scheduling Order, discovery will not begin until after any Objections to this Recommendation have been filed and a final determination on the Motion to Dismiss has been made by the District Court.

However, this Court notes that in the interim, Plaintiff has filed a "Motion for Emergency Court Hearing for Indirect Civil Contempt" [Doc. #30] and Exhibits [Doc. #29]. In the Motion, Plaintiff contends that counsel for Defendants should be held in contempt for mailing a document to Plaintiff's prior address. However, there is no dispute that Plaintiff did receive the document in question. In addition, it appears that the use of Plaintiff's prior address was inadvertent. Thus, having reviewed Plaintiff's Motion, the Court finds that the request for sanctions is without basis and will be denied.[5]

---

[4] The Court notes that in the Motion to Dismiss, Defendants also address potential state law claims. However, it appears that Plaintiff's Complaint asserts only § 1983 claims for alleged violation of her federal constitutional rights. Therefore, the Court will not address at this time any potential state law claims that could have been asserted. If Plaintiff seeks to assert any claims under state law, Plaintiff should file a Motion to Amend her Complaint, specifically setting out the state claims she wishes to assert.

[5] The Court also notes that in their Response to Plaintiff's Motion, Defendants contend that Plaintiff has been engaging in repeated, harassing phone calls to counsel for Defendants and staff members of her firm. Plaintiff is cautioned that, if she chooses to proceed *pro se* in this case, she must still comply with the Federal Rules of Civil Procedure and the Local Rules of this Court, which require litigants to deal with one another on a courteous and professional basis. Failure to comply with this requirement may result in sanctions, including monetary sanctions or dismissal of the Complaint.

11

IV. CONCLUSION

IT IS THEREFORE RECOMMENDED that Defendants' Motion to Dismiss [Doc. #19] be GRANTED, and that all claims against the Chapel Hill Police Department be dismissed, that all claims against the Town of Chapel Hill and any of its employees sued in their official capacity be dismissed, and that Plaintiff's § 1983 claims for alleged violation of her Fourth Amendment rights based on alleged "false arrest" or "malicious prosecution" related to the 2008 incident be dismissed.

AS A RESULT, IT IS FURTHER RECOMMENDED that this action should continue into discovery as set forth in the Court's previous Scheduling Order [Doc. #28] on Plaintiff's § 1983 claims against Officers Bellevance, Perry, Telfair, and Wagner, in their individual capacities, for the alleged violations of Plaintiff's Fourth Amendment rights based on her claim of excessive force, and for the alleged violation of her First Amendment rights.

FINALLY, IT IS ORDERED that Plaintiff's Motion for Emergency Court Hearing for Indirect Civil Contempt [Doc. #30] is DENIED.

This, the 18th day of September, 2012.

          /s/ Joi Elizabeth Peake
United States Magistrate Judge